# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

RHONDA KAY MOSER BOWEN, )
ADMINISTRATRIX OF THE ESTATE )
OF JOSEPHINE MOSER, DECEASED, ) Case No. 3:09-cv-165
)
    Plaintiff, )
)
vs. )
) **ANSWER**
KEVIN RUSSELL GALBREATH and )
CRETE CARRIER CORPORATION, )
)
    Defendants. )
)
_____ )

Defendant Kevin Russell Galbreath ("Galbreath"), answering the Complaint, alleges and says:

## FIRST DEFENSE

1. Paragraph 1 is denied for lack of knowledge or information sufficient to form a belief.

2. Paragraph 2 is denied for lack of knowledge or information sufficient to form a belief.

3. Paragraph 3 is denied.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent that a response is required, paragraph 6 is denied.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent that a response is required, paragraph 7 is denied.

8. Answering paragraph 8, it is admitted that on December 10, 2007, Defendant Galbreath operated a 2006 Freightliner tractor and trailer bearing Nebraska plate number 108487 in the performance of his duties as an employee of Defendant Crete Carrier and with Crete Carrier's permission and consent. Except as admitted, paragraph 8 is denied.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent that a response is required, and except as herein admitted, paragraph 9 is denied.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Answering paragraph 12, it is admitted that on or about December 10, 2007, at approximately 1:12 p.m., the Plaintiff's decedent was operating a 1995 Chevrolet van in the outside or curb lane for the three lanes of eastbound travel on U.S. 74 between Stafford Street and Boyd Street in the City of Monroe, Union County, North Carolina. Except as admitted, paragraph 12 is denied for lack of knowledge or information sufficient to form a belief.

13. Paragraph 13 is admitted.

14. Answering paragraph 14, it is admitted that the vehicle operated by Defendant Galbreath made contact with the vehicle operated by the Plaintiff's decedent. Except as admitted, paragraph 14 is denied.

15. Paragraph 15 is denied for lack of knowledge or information sufficient to form a belief.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied for lack of knowledge or information sufficient to form a belief.

18. Answering paragraph 18, it is admitted that the mortality table contained in N.C.G.S. § 8-46 indicates a life expectancy of 14.2 years for a person of 70 years of age. Except as admitted, paragraph 18 is denied for lack of knowledge or information sufficient to form a belief.

19. Paragraph 19 is denied for lack of knowledge or information sufficient to form a belief.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is admitted.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

## **SECOND DEFENSE**

The collision between Defendant Galbreath and the Plaintiff's decedent was an unavoidable accident based on unexpected traffic conditions. Defendant Galbreath pleads the

doctrine of unavoidable accident in bar of and as an affirmative defense against the Plaintiff's claims and action.

### THIRD DEFENSE

The Plaintiff has failed to state a claim for punitive damages upon which relief can be granted, and such claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

The Plaintiff's claims for punitive damages should be dismissed for failure to meet or comply with the requirements of Chapter 1D of the North Carolina General Statutes. In the alternative, Defendant Galbreath pleads the requirements and limitations of said statute as a defense and in limitation of the Plaintiffs' claims for punitive damages.

### FIFTH DEFENSE

1. Punitive damages are unconstitutional in that they violate the Defendants' rights to due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of North Carolina, and violate the right to protection from "excessive fines" as provided by the Eighth Amendment of the United States Constitution and the Constitution of the State of North Carolina.

2. An award of punitive damages under North Carolina law violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution in that:

    (a) It violates the double jeopardy clause in that the Defendants could be subjected to multiple awards of punitive damages for the same set of facts:

    (b) The self-incrimination clause is violated since the Defendants could be compelled to give testimony against themselves in a penalty situation such as punitive damages.

(c) The assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is in violation of the Sixth and Fourteenth Amendments in that punitive damages constitute a fine or penalty and/or therefore are quasi criminal in nature;

(d) The Plaintiff's claims for punitive damages violates the Defendants' right to access to the Courts as guaranteed by the Seventh and Fourteenth Amendments because an award of punitive damages chills the Defendants' exercise of that right;

(e) It violates the Eighth Amendment's guarantee that excessive fines shall not be imposed;

(f) The judiciary's ability to correct a punitive damage award only on a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

(g) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(h) Any award of punitive damages based on any invidiously discriminatory characteristic, such as the Defendants' wealth or corporate status, violates due process guarantees;

(i) The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(j) Even if it could be argued that a standard governing the imposition of punitive damages exists, the standard is void for vagueness;

(k) The Plaintiff's claims for punitive damages violate the equal protection clause of the Fourteenth Amendment of the United States Constitution and the North Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendants;

(l) The Plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers and the North Carolina Constitution in that punitive damages are a creation of the judicial branch of government that invades the province of the legislative branch;

(m) Any award of punitive damages not solely based upon Defendants' conduct, if any, within North Carolina and/or the action at hand; but rather upon any dissimilar or out-of-state conduct, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and/or the provisions of the North Carolina Constitution; and

(n) An award of punitive damages by a jury that is not subject to trial and appellate review on the basis of uniform and objective standards would violate Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and/or the provisions of the North Carolina Constitution.

WHEREFORE, having fully answered the Complaint, Defendant Galbreath respectfully prays of the Court as follows:

1. That the Plaintiff have and recover nothing of Defendant Galbreath, and that the action be dismissed.

2. That the costs of this action be taxed to the Plaintiff;

3. That all issues be tried by a jury; and

4. For such other and further relief as the Court deems just and proper.

This the 26th day of May, 2009.

/s/ Harold C. Spears
NC State Bar No.: 8989
Attorney for Defendants
CAUDLE & SPEARS, P.A.
121 West Trade Street
Suite 2600
Charlotte, NC 28202
Phone: 704-377-1200
Fax:    704-338-5858
Email: hspears@caudlespears.com

/s/ Christopher P. Raab
N.C. State Bar No.: 37008
Attorney for Defendants
CAUDLE & SPEARS, P.A.
121 West Trade Street, Suite 2600
Charlotte, NC 28202
Phone: 704-377-1200
Fax: 704-338-5858
E-mail: craab@caudlespears.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:09-cv-165**

| | |
|---|---|
| RHONDA KAY MOSER BOWEN, )<br>ADMINISTRATRIX OF THE ESTATE )<br>OF JOSEPHINE MOSER, DECEASED, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>KEVIN RUSSELL GALBREATH and )<br>CRETE CARRIER CORPORATION, )<br>)<br>    Defendants. )<br>)<br>_____) | **CERTIFICATE OF SERVICE** |

I hereby certify that on May 26, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Mark L. Simpson, Esq., at mlstaglaw@gmail.com, and I certify that I have mailed the document to the following non CM/ECF participants: N/A.

                                        /s/ Harold C. Spears
                                        N.C. State Bar No.: 8989
                                        Attorney for Defendants
                                        CAUDLE & SPEARS, P.A.
                                        121 West Trade Street, Suite 2600
                                        Charlotte, NC  28202
                                        Phone:  704-377-1200
                                        Fax:  704-338-5858
                                        E-mail:  hspears@caudlespears.com