IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV165

RHONDA KAY MOSER BOWEN, )
ADMINISTRATRIX OF THE ESTATE )
OF JOSEPHINE MOSER, DECEASED, )
)
    Plaintiff, )
)
vs. )           ORDER
)
KEVIN RUSSELL GALBREATH and )
CRETE CARRIER CORPORATION, )
)
    Defendants. )
_____ )

    This matter is before the court upon the Plaintiff's Motion to Compel Defendant Crete

Carrier Corporation ("Crete") to supplement its responses to Plaintiff's Request for Production of

Documents for Crete numbers 12, 34, and 38.

    This action arose out of a rear-end collision that occurred on December 10, 2007.

Defendant Galbreath, an employee of Crete, was driving a Freightliner Tractor and box/van

trailer on behalf of Crete which collided with the rear of a vehicle operated by Josephine Moser.

Ms. Moser was severely injured and subsequently died.

    Plaintiff has propounded a Request for Production of Documents, and Crete has objected

to the following three Requests:

> 12. A copy of Defendant Galbreath's drug and alcohol tests since
> employment, as required by 49 C.F.R. 382.401.
>
> 34. A copy of any bills of lading and load manifests and
> any other company or shipper documentation related to the

1

subject driver's load activity for the month of December 2007.
38. A copy of any Global Position satellite history reports, dispatch records or communication reports that are or were contained in the motor carrier's computing system or backup devices, or have been printed, either for the previous month's activity prior to the crash of December 10, 2007.

Crete objected to Request No. 12 on the grounds of confidentiality. With regard to Request Nos. 34 and 38, Crete refused to supply records for more than one week prior to the accident.

Crete correctly points out that pursuant to federal regulations, it may not produce a commercial driver's drug and alcohol test results absent a court order and limitations on the dissemination of the documents.  See 49 C.F.R. §§40.321, 40.323. Thus, Defendant is prohibited from voluntarily producing these documents.  As these documents do appear to be relevant to the allegations in this action, the court will order the documents produced, but the documents shall only be produced to the parties in this litigation, and shall not be disseminated to anyone else.

With regard to Request Nos. 34 and 38, Plaintiff contends that the records sought are relevant to both the veracity of Galbreath's log book entries and to his driving habits as they might relate to the question of fatigue or lack of alert behavior.  Crete argues that driving and transport records beyond the time period established by federal hours of service regulations are irrelevant.

Plaintiff's only claims relating to fatigue are predicated upon Crete's alleged violation of federal regulations. Federal regulations establish the time period a commercial driver may drive a tractor trailer. 49 C.F.R. §395.3.  The regulations limit the amount of hours a commercial driver may drive on a daily basis and cumulatively over an eight day period.  Crete has provided

Galbreath's logs for the period subject to these federal regulations and the supporting satellite tracking records documenting the actual movement of the truck during that period. Moreover, the records produced demonstrate compliance with federal regulations for driving on both a daily and cumulative basis. The logs produced show that Galbreath had been driving for only 75 minutes before the accident. Before beginning that drive, Galbreath was off duty for almost 48 hours. Yet, despite the absence of any evidence of fatigue or any violations of the federal regulations in the eight days prior to the accident, Plaintiff seeks to compel more remote documentation of driving which she professes to be relevant to fatigue on the day of the accident.

The court finds that Plaintiff has failed to demonstrate that records of Galbreath's hours of driving beyond the eight day period established by federal regulations are relevant in the absence of any violations within that period or without any specific allegation of fatigue pled against Galbreath. Crete has provided both the driving logs and satellite positioning records for Galbreath for the entire eight day period established by federal regulations as relevant to the hours a commercial driver may drive. Moreover, Crete produced the documentation for the load that was on the truck at the time of the accident. The court will not compel Crete to produce any additional transportation records beyond the eight day period prior to the accident.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel is Granted as to Request No. 12, but such documents shall only be disseminated to the parties and their attorneys in the present litigation; and Plaintiff's request for attorneys' fees is hereby denied, as Defendants' objection to Request No. 12 was substantially justified;

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel is DENIED as to Requests 34 and 38; and Plaintiff is directed to respond to Defendant's request for attorneys' fees

and costs for opposing that part of the motion within ten days.

Signed: November 24, 2009

Graham C. Mullen
United States District Judge